IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Charleston Division)

MARY BOWLES, individually, and
as Parent and Guardian of
DUSTIN WADE COOPER, a minor,
    Plaintiffs,

v.

MASSEY ENERGY COMPANY, et al.,     CASE NO. 2:12-CV-5997
    Defendants,

v.

PATRIOT COAL CORPORATION, et al.,
    Third-Party Plaintiffs,

v.

ACE AMERICAN INSURANCE COMPANY, et al.,
    Third-Party Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1452(a) and Federal Rule of Bankruptcy Procedure 9027, Century Indemnity Company as successor to CCI Insurance Company, successor to Insurance Company of North America, Indemnity Insurance Company of North America, Pacific Employers Insurance Company and ACE American Insurance Company ("the ACE Companies"), hereby remove the claims pending against them as well as the counter-claims asserted by them against Patriot Coal Corporation, Heritage Coal Company, LLC and Pine Ridge Coal Company, LLC in the State Court Action (as defined below) to the United States District Court for the Southern District of West Virginia, Charleston Division (the "District Court") and in support thereof aver the following grounds for removal:

1. Prior to December 10, 2009, Defendants/Third-Party Plaintiffs Patriot Coal Corporation, Heritage Coal Company, LLC and Pine Ridge Coal Company, LLC (collectively, "Patriot") were named as defendants in a number of civil actions in which the plaintiffs were residents of Boone County, West Virginia, in which the plaintiffs alleged that Patriot and others contaminated the plaintiffs' well water. Those claims against Patriot have been resolved.

2. On or about December 10, 2009, Patriot filed a Third-Party Complaint in the Circuit Court of Boone County, West Virginia, Civil Action No. 90-C-212 (the "State Court Action"). By Order dated September 21, 2012, Patriot's claims against all third-party defendants in the State Court Action except the ACE Companies were dismissed.

3. In the Third-Party Complaint, Patriot seeks: (a) a declaratory judgment that the ACE Companies, with regard to the aforementioned claims filed against Patriot, have a duty to defend and indemnify Patriot under certain liability insurance policies (collectively, the "Policies") and (b) damages for breach of contract regarding the Policies. In their Counterclaim, the ACE Companies seek a declaratory judgment that the ACE Companies have no duty to defend and indemnify Patriot under the Policies.

4. On or about July 9, 2012, Patriot filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York, Manhattan Division.

5. Pursuant to the Federal Rules of Bankruptcy Procedure, this Notice of Removal is timely filed because it is being filed within ninety (90) days after the order for relief in the Bankruptcy Case under the Bankruptcy Code. <u>See</u> Fed. R. Bankr. P. 9027 (a) (2) (A).

6. The District Court has subject matter jurisdiction over the claims and causes of action asserted by Patriot in the State Court Action pursuant to 28 U.S.C. §1334(b), in that they are related to the Bankruptcy Case, a case under title 11 of the United States Code. Moreover, the District Court has exclusive subject matter jurisdiction over the Policies (which are "property of the estate" in the Bankruptcy Case within the meaning of 11 U.S.C. §541(a)), pursuant to 28 U.S.C. §1334(e), which are the basis of Patriot's claims against the ACE Companies in the State Court Action.

7. Patriot has demanded a jury trial in the State Court Action.

8. Upon removal, the claims and causes of action asserted by Patriot in the State Court Action constitute core proceedings under the Bankruptcy Code.

9. The ACE Companies expressly reserve the right to raise all defenses and objections to Patriot's claims in the State Court Action after they are removed to the District Court.

10. The ACE Companies will promptly file a true and correct copy of this Notice of Removal in the State Court Action and serve a copy thereof upon counsel for Patriot.

11.   A copy of the docket sheet for this action in the Circuit Court of Boone County is attached as Exhibit A.

12.   Copies of all process, pleadings and orders related to the claims being removed are attached hereto as Exhibit B[1].

WHEREFORE, Defendants Century Indemnity Company, as successor to CCI Insurance Company, successor to Insurance Company of North America, Indemnity Insurance Company of North America, Pacific Employers Insurance Company and ACE American Insurance Company pray that the aforesaid civil action be removed from the Circuit Court of Boone County, West Virginia, to the United States District Court for the Southern District of West Virginia at Charleston, and that the said state court proceed no further with this action and further request such other and further relief as may be necessary to effectuate such removal.

Dated this 28th day of September, 2012.

ACE AMERICAN INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, PACIFIC EMPLOYERS INSURANCE COMPANY AND CENTURY INDEMNITY COMPANY, SUCCESSOR TO CCI COMPANY, SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA

By Counsel

---

[1] As all of the plaintiffs' Complaints against Patriot are virtually the same, a single representative Complaint is attached.

/s/ *Robert A. Lockhart*
Robert A. Lockhart Esquire (WVSB # 4657)
MARTIN & SEIBERT, L.C.
300 Summers Street, Suite 610
Charleston, WV 25301
(304) 380-0800 (telephone)
(304) 345-8024 (facsimile)
ralockhart@martinandseibert.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(Charleston Division)

MARY BOWLES, individually, and
as Parent and Guardian of
DUSTIN WADE COOPER, a minor,
    Plaintiffs,

v.

MASSEY ENERGY COMPANY, et al.,     CASE NO._____
    Defendants,

v.

PATRIOT COAL CORPORATION, et al.,
    Third-Party Plaintiffs,

v.

ACE AMERICAN INSURANCE COMPANY, et al.,
    Third-Party Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that I served a true copy of the foregoing "**Notice of Removal**" upon the following individual, by placing the same in the U.S. Mail, First Class, postage prepaid, on this the 28th day of September, 2012:

| | |
|---|---|
| Frank E. Simmerman, Jr., Esquire<br>SIMMERMAN LAW OFFICE, PLLC<br>254 East Main Street<br>Clarksburg, WV 26301<br>fes@simmermanlaw.com | Jeremy D. Shook, Esquire<br>KOHN, SHANDS, ELBERT,<br>GIANOULAKIS & GILJUM, LLP<br>1 North Brentwood Blvd. Suite 800<br>St. Louis, MO 63105<br>jshook@ksegg.com |

                                              /s/ Robert A. Lockhart
                                          Robert A. Lockhart (WVSB #4657)